UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:19-CR-023 |
| | ) |
| HENRY ALLEN HICKS | ) |

# **O R D E R**

The defendant pled guilty to the lesser included offense of conspiring to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. His statute of conviction subjects him to a five-year mandatory minimum sentence. Sentencing is scheduled for July 30, 2019.

The United States Probation Office has prepared and disclosed its Presentence Investigation Report ("PSR"). [Doc. 44]. The defendant objects that he is entitled to application of the *statutory* safety valve, 18 U.S.C. § 3553(f), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. [Doc. 51]. The United States has responded in opposition to the objection, and the defendant has submitted a reply. [Docs. 53, 64].

Section 3553(f) allows district courts to impose a sentence "without regard to any statutory minimum sentence, if the court finds" that a defendant has satisfied § 3553(f)'s five requirements. At issue in this case is the first of those elements, which is that the defendant does not have,

(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines ["U.S.S.G."];

(B) a prior 3-point offense, as determined under the sentencing guidelines; and

(C) a prior 2-point violent offense, as determined under the sentencing guidelines.

18 U.S.C. § 3553(f)(1) (2018).

In this case, the specific dispute is whether the defendant has "a prior 2-point violent offense." The defendant says he does not. The probation office and the prosecution say that he does, citing a 2016 Tennessee conviction for domestic assault. [PSR ¶ 33].

For purposes of the statutory safety valve, "the term 'violent offense' means a crime of violence, as defined in [18 U.S.C. § 16], that is punishable by imprisonment." First Step Act, § 402(a); 18 U.S.S.G.§ 3553(g). Thus, a "violent offense" is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).

On June 6, 2016, the defendant pled guilty to, and was sentenced to a term of imprisonment for, committing domestic assault in violation of § 39-13-111 of the Tennessee Code. [Doc. 51, Ex. A, p.3]. That statute provides that "[a] person commits domestic assault who commits an assault as defined in § 39-13-101 against a domestic abuse victim." Tenn. Code Ann. § 39-13-111(b). In turn, § 39-13-101 of the Tennessee Code provides,

A person commits assault who:

> (1) Intentionally, knowingly or recklessly causes bodily injury to another;
>
> (2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or
>
> (3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative.

Tenn. Code Ann. § 39-13-101(a). Not every prong of Tennessee's simple assault statute, § 39-13-101, constitutes a violent offense. *See, e.g., United States v. Castleman*, 572 U.S. 157, 169 (2014) ("It does not appear that every type of assault defined by § 39-13-101 necessarily involves 'the use or attempted use of physical force . . . .'").

The defendant argues that the available *Shepard* documents in this case do not show which subsection of the assault statute he was convicted under. Thus, according to the defendant, the United States cannot meet its burden of showing that he was convicted of a violent offense. Therefore, says the defendant, he satisfies all requirements of the statutory safety valve. On the first of these points, he is correct. Beyond that, his arguments miss the mark.

The state court documents submitted by the defendant indeed do not clarify which variant of Tennessee simple assault was the basis for his conviction. [Doc. 51, Ex. A]. As a result, the defendant is correct that the Court cannot determine whether his domestic assault was or was not a "violent offense" for purposes of the statutory safety valve.

However, it is not the United States' burden to show that the defendant is not safety valve eligible. It is *the defendant's* own burden to show that he is entitled to that reduction.

3

*See United States v. Haynes*, 468 F.3d 422, 427 (6th Cir. 2006) ("A defendant bears the burden of proving by a preponderance of the evidence that he or she is entitled to a safety valve reduction."); *accord United States v. Felix*, 711 F. App'x 259, 262 (6th Cir. 2017); *United States v. Rucker*, 133 F. App'x 187, 194-95 (6th Cir. 2005).

The cases relied upon by the defendant are not on point. In *United States v. Anglin*, the burden of proof indeed fell on the government, but that burden was to prove the applicability of an *enhancement*. *Anglin*, 601 F.3d 523, 530 (6th Cir. 2010) (career offender). Similarly, in *United States v. Prater*, the appellate court noted the United States' burden of proving "the various penalties it seeks to have imposed." *Prater*, 766 F.3d 501, 512 (6th Cir. 2014) (Armed Career Criminal).

The Sixth Circuit explained this distinction 23 years ago in *United States v. Adu*, 82 F.3d 119 (6th Cir. 1996), a case in which safety valve eligibility was in dispute.

> At the outset of our discussion, we reject the defendant's argument that the government had the burden of proving that Adu did not satisfy the requirements of the statute and guideline. The case relied upon by the defendant, *United States v. McMeen,* 49 F.3d 225 (6th Cir.1995), was one in which the government sought *to increase* a sentence under one of the enhancement provisions of the guidelines, not one in which a defendant sought a decrease. This court refused to accept this argument in *United States v. Rodriguez,* 896 F.2d 1031, 1033 (6th Cir.1990), where the court "expressly reject[ed]" a contention that the government has the burden of proof on factual issues that could cause *a decrease* in a potential sentence. When seeking a downward adjustment of a sentence otherwise required by the [then-mandatory] guidelines, a defendant has the burden of proving by a preponderance of the evidence his or her entitlement to a reduction. Thus, the party seeking a departure, either upward or downward from a presumptive guidelines sentence[,] has the burden of proving entitlement to the departure. *Id.* at 1032; *United States v. Silverman,* 889 F.2d 1531, 1535 (6th Cir.1989).

*Adu*, 82 F.3d at 123–24 (emphasis in original).

4

It is therefore *the defendant's* burden to prove that he qualifies for the safety valve. On the record in this case, he is unable to do so.

The pending objection [doc. 51] is accordingly **OVERRULED**. Sentencing remains set for Tuesday, July 30, 2019, at 10:00 a.m. in Greeneville.

**IT IS SO ORDERED.**

                          ENTER:

                          s/ Leon Jordan
                    United States District Judge