UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:19-CR-00023-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| HENRY ALLEN HICKS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion for Sentence Reduction Under Guideline Amendment 821, Part A [Doc. 82]. Also before the Court is Defendant's motion to withdraw his previously filed motion seeking the same relief [Doc. 81; *see* Doc. 79]. It appears Defendant's previous motion misstated the time remaining on Defendant's existing sentence, and Defendant's latest motion corrected the error [*Compare* Doc. 79, pgs. 1, 5 (stating that reducing Defendant's sentence to time served would constitute less than a three-month reduction), *with* Doc. 82, pgs. 1, 5 (stating such a reduction would be less than five months)]. The United States ("the Government") had responded in opposition to Defendant's previous motion and noted the error [Doc. 80, pg. 3]. Defendant's Motion to Withdraw [Doc. 81] is well-taken and **GRANTED**, and his previous motion [Doc. 79] is **WITHDRAWN**. Because Defendant's second motion does not differ materially from the first, the Court will consider the Government's previous response without requiring additional briefing. For the reasons stated below, Defendant's Motion for Sentence Reduction [Doc. 82] is **DENIED**.

**I. BACKGROUND**

On February 12, 2019, an Indictment charged Defendant with conspiring to distribute 50

1

grams or more of methamphetamine, among other charges [Doc. 3, pg. 1]. On April 30, 2019, Defendant pleaded guilty to a lesser included offense—conspiracy to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(B) [Docs. 36, 42]. The Presentence Investigation Report ("PSR") indicated Defendant had prior convictions for public intoxication, domestic assault, and vandalism [Doc. 44, ¶¶ 32–33].[1] Defendant incurred the domestic assault conviction after an incident where Defendant's girlfriend indicated he had made threats against her, her son, and any officers who might respond, and officers later observed him threatening to shoot his girlfriend and "everyone" if he didn't get his "medication" [Doc. 44, ¶ 33]. Officers also spoke to a neighbor who stated Defendant had vandalized her mailbox and kicked her vehicle [Doc. 44, ¶ 33]. Officers observed a footprint on the vehicle and found the neighbor's mailbox in the roadway [Doc. 44, ¶ 33]. The vandalism conviction followed [Doc. 44, ¶ 33]. Additionally, Defendant reported he had been using methamphetamine daily until a few days before his arrest in this case [Doc. 44, ¶ 50].

The PSR determined Defendant's base offense level was 28 and recommended a three-level reduction for acceptance of responsibility for a total offense level of 25 [Doc. 44, ¶¶ 19, 26–28]. Defendant's prior convictions yielded a criminal history score of two, to which the PSR added two "status points" for committing the instant offense while under a criminal justice sentence [Doc.

---

[1] The PSR also reflects pending aggravated burglary, burglary, and theft charges at the time of sentencing [Doc. 44, ¶ 39]. A dismissal or nolle prosequi disposed of those charges. Additionally, Defendant was subject to an order of protection from July 12, 2017 to July 11, 2018, but the circumstances are unavailable [Doc. 44, ¶ 38]. Defendant was also arrested on December 29, 2011 for vandalism and telephone harassment when, while living with his brother, Defendant allegedly "ripped his underpinning cable" and broke his brother's wife's cell phone [Doc. 44, ¶ 40]. Defendant's brother noted in the affidavit of complaint that "they have asked the defendant to stop" and that his brother's "children are terrified" [Doc. 44, ¶ 40]. The case was "[p]aid in full" but it is unclear whether the court convicted Defendant of those offenses [Doc. 44, ¶ 40]. Prior assault and simple assault charges were dismissed [Doc. 44, ¶¶ 41–42].

2

44, ¶¶ 34–35]. His resulting criminal history score of four placed him in criminal history category III [Doc. 44, ¶ 36]. The Court adopted the PSR and, based on an offense level of 25 and criminal history category of III, calculated a guideline range of 70 to 87 months' imprisonment [Doc. 71, pg. 1]. The Court sentenced Defendant to 70 months in prison [Doc. 70, pg. 2]. Defendant's projected release date is July 5, 2024. *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/.

While incarcerated, Defendant has incurred three disciplinary infractions [Doc. 80-3]. On May 25, 2021, he fought with another person [Doc. 80-3, pg. 2]. On June 4, 2023, Defendant tested positive for amphetamines and methamphetamines, and October 9, 2023, Defendant tested positive for amphetamines, methamphetamines and suboxone [Doc. 80-3, pg. 1]. Further, he indicated "no interest" in the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP") [Doc. 80-1, pg. 1; *see* Doc. 80, pg. 3]. The Bureau of Prisons considers him to be at "medium" risk for recidivism [Doc. 80-1, pg. 2].

Effective November 1, 2023, Amendment 821 reduced status points from two to one if the defendant received 7 or more points under U.S.S.G. § 4A1.1(a)–(d), and eliminated them otherwise. *See* U.S.S.G. § 4A1.1(e). This amendment applies retroactively. U.S.S.G. § 1B1.10(d). The present motion followed.

## II.     LEGAL STANDARD

A district court has "no inherent authority … to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). "A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). However, 18 U.S.C. § 3582(c)(2) provides: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

3

lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Supreme Court has explained that § 3582(c)(2) requires a "two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court must "determine that a reduction is consistent with [U.S.S.G.] § 1B1.10." *Id.* A reduction is inconsistent with § 1B1.10 if none of the amendments made retroactive in the policy statement apply to the defendant or would "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). In determining what reduction, if any, is appropriate, the Court "determine[s] the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The Court must "leave all other guideline application decisions unaffected." *Id.* With limited exceptions, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A). Nor may the "reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

At step two, the Court considers the applicable § 3553(a) factors to determine whether the authorized reduction is appropriate "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. "[T]he decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010) (citing *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009)). But "proceedings under 18 U.S.C. § 3582(c)(2) and [U.S.S.G. § 1B1.10] do not constitute a full resentencing of the

defendant." U.S.S.G. § 1B1.10(a)(3).

**III. ANALYSIS**

Here, the parties agree that Amendment 821 produces an amended guideline range of 63 to 78 months [Doc. 82, pg. 5; Doc. 80, pgs. 3–4]. Defendant requests a sentence of time served [Doc. 82, pg. 5]. The Government recommends denying the motion altogether based on defendant's post-sentencing conduct [Doc. 80, pg. 4].

Defendant argues that "blindly" extending a defendant's sentence based on status points is unreasonable under the § 3553(a) factors [Doc. 82, pg. 4]. But considering all Defendant's conduct before and after sentencing, the § 3553(a) factors weigh against a reduction. Defendant reported daily methamphetamine use prior to his arrest [*See* Doc. 44, ¶ 50]. Despite expressing interest in RDAP before sentencing, [*see* Doc. 44, ¶ 50], and the Court's recommendation that he participate, [*see* Doc. 70, pg. 2], Defendant indicated to the BOP that he was not interested [Doc. 80-1, pg. 1; *see* Doc. 80, pg. 3]. Then, within the last year, he incurred two disciplinary infractions for testing positive for methamphetamine and other substances [Doc. 80-3, pg. 1]. His refusal to participate in RDAP and recent positive drug screens while in BOP custody indicate an unaddressed drug problem, which presents a recidivism concern. The BOP's classification of Defendant as a "medium" risk for recidivism confirms that [*See* Doc. 80-1, pg. 2]. To Defendant's credit, he recently completed a screening process for participation in a medication-assisted treatment program [Doc. 80-1, pg. 1; *see* Doc. 80, pg. 3 n. 1]. But Defendant does not argue he has successfully completed any treatment program offered at the BOP, and his failure to do so up until now appears to be by his own choice.

Defendant's infraction for fighting is also concerning [*See* Doc. 80-3, pg. 2]. The infraction followed a previous conviction for domestic assault for threatening to harm his girlfriend, her son,

5

and any officers who might arrive, then later threatening to shoot her and "everyone" after law enforcement responded [Doc. 44, ¶ 33]. That offense and the fighting infraction suggest a need to protect the public from future crimes Defendant might commit. Considering Defendant's refusal to participate in drug treatment and his violent conduct before and after sentencing, reducing his sentence would fail to promote respect for the law and provide adequate deterrence to Defendant and others against future criminal offenses.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Sentence Reduction [Doc. 82] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge